# Exhibit B

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
Case Nos. 24CV040619-910
24CV040620-910
24CV040622-910

JEFFERSON GRIFFIN,

        Petitioner,

   v.

NORTH CAROLINA STATE BOARD
OF ELECTIONS,

        Respondent,

   and

ALLISON RIGGS,

        Intervenor-Respondent.

**NOTICE OF FOURTH CIRCUIT
OPINION AND *ENGLAND*
RESERVATION BY JUSTICE RIGGS**

Intervenor-Respondent Allison Riggs files this Notice to inform the Court of a recent decision by the U.S. Court of Appeals for the Fourth Circuit and to make the "*England* reservation" contemplated by that decision.

1.      On February 4, 2025, the Fourth Circuit issued the attached unpublished per curiam opinion ("Opinion") in this case, which the Fourth Circuit refers to as *Griffin II*.

2.      As the Fourth Circuit explains, Respondent North Carolina State Board of Elections removed *Griffin II* to the U.S. District Court for the Eastern District of North Carolina. *See* Opinion at 6. The Eastern District of North Carolina decided to abstain from hearing *Griffin II* under *Burford v. Sun Oil Company*, 319 U.S. 315 (1943), and on that basis it remanded *Griffin II* to this Court on January 6, 2025. *See*

*id*. at 6–7.  The Board appealed the remand order in *Griffin II* to the Fourth Circuit, which docketed the appeal as Case No. 25-1020.  *See id*. at 7.

3.      In its February 4 Opinion, the Fourth Circuit affirmed the Eastern District of North Carolina's remand order insofar as it found the Board had properly removed the case under 28 U.S.C. § 1443(2).  *See id*. at 9.  The Fourth Circuit also affirmed the Eastern District of North Carolina's decision to remand *Griffin II* to this Court.  *See id*.  But the Fourth Circuit held that abstention under *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496 (1941), "is a more appropriate theory for abstaining from federal jurisdiction." *Id*. at 10.  The difference between *Burford* and *Pullman* abstention matters because, "under *Pullman* abstention, the federal court retains jurisdiction of the federal constitutional claims while the state court issues are addressed in state court." *Id*.

4.      In its remand order, the Eastern District of North Carolina "did not retain jurisdiction of the federal issues as required by *Pullman* abstention." *Id*. at 11.  The Fourth Circuit thus instructed the Eastern District of North Carolina "to modify its order to expressly retain jurisdiction of the federal issues identified in the Board's notice of removal should those issues remain after the resolution of the state court proceedings, including any appeals." *Id*. (citing *England v. Med. Exam'rs.*, 375 U.S. 411 (1964)).

5.      In *England*, the U.S. Supreme Court observed that "[a]bstention is a judge-fashioned vehicle for according appropriate deference to the 'respective competence of the state and federal court systems.'"  375 U.S. at 415 (quoting

*Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 29 (1959)). This "recognition of the role of state courts as the final expositors of state law implies no disregard for the primacy of the federal judiciary in deciding questions of federal law." *Id*. at 415–16. Accordingly, "a party has the right to return to the [U.S.] District Court, after obtaining the authoritative state court construction for which the court abstained, for a final determination of [her] claim." *Id*. at 417 (quoting *NAACP v. Button*, 371 U.S. 415, 427 (1963)).

6.    This procedure "does not mean that a party must litigate h[er] federal claims in the state courts, but only that [s]he must inform those courts what [her] federal claims are, so that the state statute may be construed 'in light of' those claims." *Id*. at 420. Yet the line between informing and litigating is not always clear. The Supreme Court therefore held that "a party may readily forestall any conclusion that [s]he has elected not to return to the District Court." *Id*. at 421.

7.    To preserve her right to return to federal court for the resolution of federal issues, a litigant may make "on the state record [a] 'reservation to the disposition of the entire case by the state courts.'" *Id*. (quoting *Button*, 371 U.S. at 428). "That is, [s]he may inform the state courts that [s]he is exposing [her] federal claims there only for the purpose of complying with [*Government & Civic Employees Organizing Committee, C.I.O. v. Windsor*, 353 U.S. 364 (1957)], and that [s]he intends, should the state courts hold against [her] on the question of state law, to return to the District Court for disposition of [her] federal contentions." *Id*.

8.      Justice Riggs makes this *England* reservation to the disposition of this entire case by the state courts. Justice Riggs is exposing her federal contentions here only for the purpose of complying with *Windsor*. Justice Riggs intends, should the state courts hold against her on questions of state law, to return to the Eastern District of North Carolina for disposition of her federal contentions.

9.      For the avoidance of doubt, Justice Riggs' federal contentions include those identified in the Fourth Circuit's Opinion: that granting Judge Griffin the relief he seeks would "violate federal civil rights law, including the Help America Vote Act, 52 U.S.C. § 20901, *et seq.*; the National Voter Registration Act, 52 U.S.C. § 20501, *et seq.*; the Voting Rights Act, codified in relevant part at 52 U.S.C. § 10307; the Civil Rights Act, codified in relevant part at 52 U.S.C. § 10101, the Uniformed and Overseas Citizens Absentee Voting Act, codified in relevant part at 52 U.S.C. § 20302; and the Fourteenth Amendment to the United States Constitution." Opinion at 9.

Dated: February 6, 2025        Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Raymond M. Bennett
Raymond M. Bennett
N.C. State Bar No. 36341
Samuel B. Hartzell
N.C. State Bar No. 49256
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
(919) 755-2100
ray.bennett@wbd-us.com
sam.hartzell@wbd-us.com

*Counsel for Justice Allison Riggs*

4