# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JUDGE JEFFERSON GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>Defendant.<br><br>and<br><br>ALLISON RIGGS, et al.,<br><br>Intervenor-Defendants | Case No. 5:24-CV-00731-M |
| NORTH CAROLINA DEMOCRATIC PARTY,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.,<br><br>Defendants. | Case No. 5:24-CV-00699-M |
| CARRIE CONLEY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ALAN HIRSCH, et al.<br><br>Defendants. | Case No. 5:25-CV-00193-M |

1

These matters comes before the court on three emergency motions to stay filed by Intervenor-Defendant Allison Riggs (5:24-CV-731-M) [DE 47], Intervenor-Defendants VoteVets Action Fund, North Carolina Alliance for Retired Americans, Sarah Smith, and Juanita Anderson (5:24-CV-731-M) [DE 54], and the *Conley* Plaintiffs (5:25-CV-193-M) [DE 52]. All three motions request a stay of the portion of Text Orders entered by this court on April 12 and April 14 that direct the North Carolina State Board of Elections "to proceed in accordance with the North Carolina Court of Appeals opinion . . . as modified by the North Carolina Supreme Court." *E.g.*, Text Order dated April 12, 2025. That portion of the court's Text Orders, though framed in mandatory terms, did nothing more than decline to interfere (on an expedited basis and without the benefit of briefing) with the initiation of a remedial process ordered by the North Carolina Court of Appeals and North Carolina Supreme Court. *See, e.g.*, *Griffin v. N. Carolina State Bd. of Elections*, No. COA25-181, 2025 WL 1021724 (N.C. Ct. App. Apr. 4, 2025); *Griffin v. N. Carolina State Bd. of Elections*, No. 320P24-3, 2025 WL 1090903 (N.C. Apr. 11, 2025).

Thus, to the extent the parties seek a stay of the court's *inaction*, that is, its decision *not* to enjoin the Board of Elections from complying with the North Carolina Court of Appeals' order, that request is denied as improper. What the parties actually seek is reconsideration of the court's denial of their requests for temporary restraining orders.[1] The correct avenue for that form of relief is a motion for reconsideration or direct appeal, if one is available. *See Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps., AFL-CIO*, 473 U.S. 1301, 1305-06 (1985); *Webb v. Beyer*, 801 F. App'x 152, 153 (4th Cir. 2020).

---

[1] Intervenor-Defendant Riggs styled her motion as one for an "injunction," but she requested "Immediate Relief" on an "Emergency" basis. DE 40 at 1. Accordingly, the court treated her motion as one for a temporary restraining order. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 433 n.7 (1974); *Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000).

2

This court now clarifies that the only mandatory portion of its April 12 and April 14 Text Orders is the language prohibiting the Board of Elections from certifying the results of election pending further order of this court. *E.g.*, Text Order dated April 12, 2025. This court has made no order altering or modifying the cure process, which is now proceeding pursuant to the North Carolina Court of Appeals' order, as modified by the North Carolina Supreme Court.

The parties also invoke Rule 62 of the Federal Rules of Civil Procedure in order to obtain a mandatory injunction pending their appeals of this court's prior denials of their requests for temporary restraining orders. The court does not find that initiation of a cure process ordered by the North Carolina Court of Appeals and North Carolina Supreme Court, on its own, constitutes a form of irreparable harm because that process cannot result in "massive *ex post* disenfranchisement," unless the Board of Elections takes further action at the conclusion of that process. *Bennett v. Yoshina*, 140 F.3d 1218, 1226 (9th Cir. 1998); *see also Griffin v. Burns*, 570 F.2d 1065, 1078 (1st Cir. 1978). And the court has expressly prohibited the Board of Elections from certifying the results of the election until the federal constitutional issues in these consolidated matters have been resolved. *See* Text Order dated April 12, 2025.

Temporary restraining orders are disfavored and there is sufficient time remaining in the cure process to allow full briefing by the parties on their respective requests for injunctive relief. For the foregoing reasons, the emergency motions for a stay [DE 47; DE 52; DE 54] are denied.

SO ORDERED this 15th day of April, 2025.

*/s/ Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE