UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 25-1397
(5:24-cv-00731-M-RJ)

———————

JUDGE JEFFERSON GRIFFIN,

        Plaintiff – Appellee,

v.

ALLISON RIGGS,

        Intervenor – Appellant,

and

NORTH CAROLINA STATE BOARD OF ELECTIONS,

        Defendant – Appellee,

and

NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS; VOTEVETS
ACTION FUND; TANYA WEBSTER-DURHAM; SARAH SMITH; JUANITA
ANDERSON,

        Intervenors.

———————

No. 25-1398
(5:24-cv-00731-M-RJ)

———————

JUDGE JEFFERSON GRIFFIN,

        Plaintiff – Appellee,

v.

VOTEVETS ACTION FUND; NORTH CAROLINA ALLIANCE FOR RETIRED
AMERICANS; SARAH SMITH; JUANITA ANDERSON,

        Intervenors – Appellants,

and

NORTH CAROLINA STATE BOARD OF ELECTIONS,

        Defendant – Appellee,

and

ALLISON RIGGS; TANYA WEBSTER-DURHAM,

        Intervenors.

---

O R D E R

---

NIEMEYER, Circuit Judge, with whom HEYTENS, Circuit Judge, joins:

In its opinion dated April 11, 2025, the North Carolina Supreme Court held (1) that persons casting military or overseas ballots must be notified of ballot deficiencies and given 30 days within which to cure the deficiencies and (2) that the votes cast by "never residents" were properly ordered by the North Carolina Court of Appeals to be removed from the final count of the 2024 election for Supreme Court Seat 6. *Griffin v. North Carolina State Board of Elections*, __ S.E.2d __ 2025, 2025 WL 1090903 *4 (N.C. Apr. 11, 2025).

On the same date, Allison Riggs, et al., filed an "Emergency Motion for Injunction and Motion for Status Conference" in the district court, requesting that the court proceed

under Federal Rule of Civil Procedure 65 and the All Writs Act, 28 U.S.C. § 1651 and enjoin implementation of the North Carolina Supreme Court's order "while [the district court] exercises jurisdiction over the federal issues in this case," which she identified as arising under the Due Process Clause and the Equal Protection Clause of the U.S. Constitution. Specifically, she requested a "preliminary injunction" under Rule 65 on her federal constitutional claims and an injunction under the All Writs Act as necessary "to effectuate and prevent frustration of [the district court's] order that it would 'retain jurisdiction of the federal issues identified in the Board's notice of removal should those issues remain after the resolution of the State court proceedings.'"

In response, the district court entered a "Text Order" the next day, April 12, 2025, without prior notice or briefing, which stated:

> Pursuant to the court's authority under the All Writs Act, the motion is GRANTED IN PART. Defendant North Carolina State Board of Elections is ORDERED to proceed in accordance with the North Carolina Court of Appeals opinion, *Griffin v. N.C. State Bd. of Elections*, No. COA25-181, 2025 WL 1021724 (N.C. Ct. App. Apr. 4, 2025), as modified by the North Carolina Supreme Court in its April 11 Order, but SHALL NOT certify the results of the election, pending further order of this court.

The court also established an expedited briefing schedule, to be completed by April 28, 2025, so as to "to facilitate prompt resolution of this matter." And by Text Order dated April 14, 2025, the court added that it intended to resolve the "motions for injunctive relief as soon as practicable."

On April 14, 2025, Riggs filed this appeal, as well as a "Motion for Stay and Injunction Pending Appeal" to prohibit the parties "from taking any action to enforce or effectuate the state-law remedy." She maintains that the stay and injunction are necessary

to enable her to have a resolution of her claims arising under the U.S. Constitution, which were retained for decision in the district court.

Recognizing that the district court has not yet had the opportunity to exercise its jurisdiction under 28 U.S.C. § 1443 and address Riggs' motion for preliminary injunction based on her federal constitutional claims, we grant her motion for a stay. In furtherance of federal jurisdiction, we enjoin the North Carolina State Board of Elections from mailing any notice to any potentially affected voter pending the district court's resolution of Riggs' motion for a preliminary injunction.

It is so ordered this 22nd day of April 2025.

For the Court

/s/ Nwamaka Anowi, Clerk

QUATTLEBAUM, Circuit Judge, dissenting from the grant of the motion to stay:

I respectfully dissent. In the orders that are the subject of this appeal, the district court enjoined the North Carolina State Board of Elections from certifying the results of the election for the North Carolina Supreme Court Justice seat pending further order of the district court. It also set an extremely expedited briefing schedule for any remaining federal issues in the challenges to the election. The district court declined to enjoin the Board from implementing the cure process ordered by the North Carolina Supreme Court reasoning that the cure process would not cause irreparable harm since the Board had been ordered not to certify the election results.

The district court called its order a temporary restraining order. What's more, the order bears the hallmarks of a temporary restraining order. Thus, I do not believe we have jurisdiction to consider the motion for stay and injunction pending appeal. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (Unless a litigant can show that an interlocutory order of the district court might have a "serious, perhaps irreparable, consequence," and that the "order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." (cleaned up)); *see also Trump v. J. G. G., et al.*, 604 U.S. ---, 2025 WL 1024097, at *1 (Apr. 7, 2025) (citing *Carson*, 450 U.S. at 84).

And even if we have jurisdiction, the district court preserved its ability to resolve any remaining federal issues by ordering the Board not to certify the election results. It also set a very quick process for resolving any federal claims. At the same time, the court minimized any interference with state court litigation about a state election. I find no error

in the district court's handling of all these competing issues on a very compressed time frame. I certainly find no abuse of discretion.

My dissent should not be construed as endorsing the views of any party as to the merits of any federal claims regarding the election or the challenges to it. It merely indicates that it is not yet appropriate for this court to weigh in.